## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

James J. Thomas

v.

Carl E. Owens, Jr., et al.

### April 21, 1992

### Case No. 7476

BY JUDGE JAY T. SWETT

This is a declaratory judgment action in which the plaintiff has requested that a provision in a contract between him and the defendants be declared unenforceable. The plaintiff and the defendants have filed motions for summary judgment with supporting briefs. The facts are not in dispute, and the case can be resolved as a matter of law.

The plaintiff owned and operated a retail tire and automobile/truck maintenance business in Charlottesville known as "Jim Thomas, Inc." On or about August 8, 1990, Thomas entered into a contract to sell the business to the defendants.[1] The agreement included the following provision:

> Seller/Employee agrees that upon the termination of this agreement, he shall not compete, directly or indirectly, with Purchasers for a period of three (3) years or any extension or renegotiation hereof within an area located within a radius of fifty (50) miles of the City of Charlottesville, Virginia, either as an owner, employee or stockholder of a competing business.

After the business was sold to the defendants, Thomas asked the defendants if they would permit him to start a new retail tire business in Charlottesville. Defendants refused and indicated that they would

---

[1] A complete copy of this agreement was not filed with the pleadings.

enforce the above-quoted provision of the agreement. The plaintiff responded by filing this declaratory judgment action. He seeks to have the subject paragraph declared unenforceable on the grounds that it is an overly-broad restrictive covenant and on its face does not meet the three-pronged test of whether such restrictions are enforceable. See *Blue Ridge Anesthesia v. Gidrick*, 239 Va. 369, 371–372 (1990). In response to the plaintiff's contention, the defendants argue that this non-compete clause must be viewed in the context of the circumstances of the agreement between the parties, i.e., that this was a purchase and sale of a business and not an employment contract.[2] When viewed in this light, the defendants assert that the clause is enforceable.

Thomas argues that the provision in question is unenforceable because it will not pass muster under the well-established test followed in Virginia applicable to non-compete clauses contained in employment contracts. More specifically, Thomas argues that the clause is overly broad because its language would prohibit Thomas from engaging in any business activity that would compete with any business of the defendants whether or not such business involved the retail tire and/or automobile/truck maintenance business. Thomas also argues that the fifty-mile area is overly broad because it exceeds the "market area" of Thomas' business prior to when he sold it to the defendants. And finally, Thomas argues that the clause is unreasonable and therefore unenforceable because it creates "uncertainty concerning his livelihood" for the assumed reason that it is overly broad.

In support of his position, Thomas relies on a number of cases that dealt with non-compete clauses that arose in what could be described as a conventional employer-employee context. *Blue Ridge Anesthesia, supra; Richardson v. Paxton Co.*, 203 Va. 790 (1962); *Roanoke Engineering Sales v. Rosenbaum*, 223 Va. 548 (1982) and *Power Distribution v. Emergency Power Engineering*, 569 F. Supp. 54 (E.D. Va. 1983). Those cases reaffirm the general proposition that non-

---

[2] In addition to not having the full agreement before me, the parties have not addressed the language in the provision in dispute which states that the non-compete clause is triggered "upon the termination" of the agreement. Since neither party has addressed this issue, the Court will assume that the agreement has been "terminated" triggering the question of the enforceability of this clause.

compete covenants in employment contracts are not favored in the law and do not enjoy the same stature as other contracts. However, those same cases teach that restrictive covenants in employment contracts will be enforced provided that (1) the restraints placed on the employee are reasonable and no greater than what is necessary to protect the employer's business interest, (2) the restraints on the employee are not unduly oppressive so as to curtail his efforts to earn a living, and (3) the restraints do not offend public policy. *Richardson v. Paxton*, 203 Va. at 794.

However, other principles must also be considered. One is that the enforceability of restrictive covenants depends on and must be viewed in the context of the circumstances of each case. *Id.* 203 Va. at 795; *Meissel v. Finley*, 198 Va. 577, 579 (1956). In this case, Thomas owned and operated a retail tire and automobile/truck maintenance business known as "Jim Thomas, Inc." He sold the business to the defendants. Included as part of the sales agreement was a promise by Thomas that he would not participate in any business that would compete with the defendants for a period of three years within a radius of fifty miles of Charlottesville. Common sense dictates that a portion of the consideration paid to Thomas was so that he would not compete with the defendants in the Charlottesville area for a period of three years. How much the defendants paid Thomas to relinquish his right to become involved in the retail tire business or the automotive repair business is unknown. However, that is not the issue. His agreement not to compete had to be worth something for which the plaintiff received consideration from the defendants. Now the plaintiff wishes to have that provision declared void so that he can open up a new tire business in direct competition with the business he sold to the defendants and locate the competing business in Charlottesville.

In *Meissel v. Finley*, 198 Va. 577 (1956), the Virginia Supreme Court recognized that restrictive provisions such as the one here have to be considered in light of the circumstances in which the agreement came about and the relationship of the parties at the time they entered into the agrement. 198 Va. at 577. Moreover, restrictive covenants contained in contracts between a seller and a buyer of a business as opposed to those contained in an employment contract between an employer and an employee are, to some extent, viewed differently in terms of the degree of restraint permitted in the cove-

nant. *Richardson v. Paxton Co.*, 203 Va. 790, 795 (1962); *Alston Studios, Inc. v. Lloyd V. Gress and Associates*, 492 F.2d 279, 284 (4th Cir. 1974).[3]

Viewed in this light, this Court does not find that the clause in the agreement here is unenforceable as a matter of law. While it is true that the clause does not restrict the "competing business" to one involved in the retail tire and automobile/truck maintenance business, it is reasonable to assume all parties understood that it was that type of business that would be covered by this clause. While it is theoretically true that the defendants could in the future open up a business unrelated to the type of business purchased from Thomas, that itself is not a basis to invalidate a clause which the parties must have negotiated for in good faith. With regard to the geographic area covered by the clause, it must be assumed that the plaintiff and the defendants knew the market area from which people came to Charlottesville to purchase goods and services from the plaintiff's business. A fifty-mile radius around Charlottesville is on its face a reasonable market area.

When viewed as a whole, this clause, having been negotiated by the parties in good faith in the context of a purchase and sale of a business, is not unreasonable. Accordingly, the motion for summary judgment for the plaintiff is denied, and the motion for summary judgment of the defendants is granted.

---

[3] See also *Arthur Murray Dance Studios v. Witter*, 62 Ohio Law Abst. 17, 105 N.E.2d 685 (Ohio Com. Pl. 1952).